IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Caroline A. Richards, et al.,   ) | CASE NO.  1:07 CV 3666 |
|           ) | |
|     Plaintiffs,   ) | |
|           ) | |
| v.         ) | JUDGE DONALD C. NUGENT |
|           ) | |
| State Farm Mutual Automobile   ) | MEMORANDUM OPINION |
| Insurance Company,   ) | AND ORDER |
|           ) | |
|     Defendant .   ) | |

This matter is before the Court on Plaintiffs' Motion to Remand this action to State Court. (ECF #4).  For the reasons that follow, Plaintiff's Motion to Remand is denied.

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") removed this action from the Court of Common Pleas for Lake County, Ohio to this Court alleging that this Court has jurisdiction under 28 U.S.C. §1332 based upon diversity of citizenship. Plaintiffs seek remand alleging that State Farm has a principal place of business in Ohio, thus it is a citizen of Ohio and may not remove the action from State Court.

**STANDARD OF REVIEW**

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Danca v. Private helath Care Systems, Inc*., 185 F.3d 1,4 (1st Cir. 1999).  Moreover, courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990).   Strict construction of the removal statutes is necessary

because removal jurisdiction encroaches on a state court's jurisdiction. Thus, the Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999).

## DISCUSSION

Plaintiffs contend that State Farm is a citizen of the State of Ohio because is has "a principal place of business" in Ohio. Plaintiffs misstate the requirements of Sections 1332 and 1441. For the purposes of Sections 1332 and 1441, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of **the State where it has its principal place of business** . . .." 28 U.S.C. §1332(c)(1) (emphasis added).[1] A corporation is not a citizen in all states in which it does business. A corporation has a State of incorporation and a State where it has its principal place of business. In this case, State Farm has submitted the affidavit of Greg Clapper, an Assistant Vice President-Accounting of State Farm, which states that State Farm was incorporated under the laws of Illinois and that its statutory home office, administrative office and headquarters is in Illinois. Thus, while State Farm is licensed to do business in all 50 states, its principal place of business is in Illinois. Accordingly, for the purpose of Sections 1332 and 1441, State Farm is not a citizen of Ohio. As Plaintiffs do not dispute that the amount in controversy exceeds $75,000, the requirements of 28 U.S.C. §1332 are

---

[1] 28 U.S.C. §1332(c)(1) also provides that an insurer is deemed to be a citizen of the state of the insured in a direct action. Plaintiffs do not contend that this is a direct action as defined in §1332(c)(1).

met and this Court has diversity jurisdiction over this action.  Further, removal was proper under 28 U.S.C. §1441.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand (ECF #4) is DENIED.

**IT IS SO ORDERED.**

                                                   */s/Donald C. Nugent*
                                                 Judge Donald C. Nugent

DATED: January 22, 2008